**Bonnie Allen-Sailer,** OSB #145178
bonnie@nwjp.org
**Corinna Spencer-Scheurich,** OSB #130147
corinna@nwjp.org
Northwest Workers' Justice Project
310 SW 4th Ave, Ste 320
Portland, OR  97204
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **Paulino Solano**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**Jaime Preciado**, an individual,<br><br>Defendant. | Civil No.: 3:23-cv-1178<br><br>COMPLAINT<br><br>Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*.); Oregon Wage and Hour Laws (O.R.S. Chapters 652 and 653); Migrant Seasonal Agricultural Workers Protection Act (29 U.S.C. §1854); Oregon Camp Operator Registration Act (O.R.S. § 658.805); Trafficking Victims Protection Reauthorization Act of 2003 (18 U.S.C. § 1595); Oregon Civil Trafficking Laws (O.R.S. § 30.867)<br><br>DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1. Plaintiff Paulino Solano brings this action against Defendant Jaime Preciado, under the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*., "FLSA") to collect unpaid wages.

Plaintiff seeks minimum and overtime wages due to him under 29 U.S.C. §§ 206, 207, and 216(b), and liquidated damages for the failure to pay wages under 29 U.S.C. § 216(b).

2.  Plaintiff alleges unpaid wages, minimum wage and overtime violations, and penalty damages under Oregon wage and hour laws O.R.S. §§ 652.140, 652.150, 652.200, 653.025, 653.261, and 653.055.

3.  Plaintiff brings claims under the Migrant Seasonal Agricultural Worker Protection Act (AWPA), 29 U.S.C. §1854, and the Oregon Camp Operator Registration Act (CORA), O.R.S. § 658.805, for failure to provide employment disclosures, failure to comply with the working arrangement, failure to provide adequate housing complying with health and safety standards, and operating an unlicensed farmworker camp.

4.  Plaintiff further bring claims under the Trafficking Victims Protection Reauthorization Act of 2003, 18 U.S.C. § 1595 ("TVPRA") and under Oregon's trafficking statute, O.R.S. § 30.867, as a victim of labor trafficking. Plaintiff seeks general and special damages, including damages for emotional distress and for punitive damages.

## II. JURISDICTION

5.  Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.; 18 U.S.C. § 1595(a), as this action arises under the Trafficking Victims Protection Reauthorization Act; 29 U.S.C. §1854(a), as this action arises under AWPA; 28 U.S.C. § 1331, as this action arises under the laws of the United States; and 28 U.S.C. § 1337, as it arises under acts of Congress regulating commerce.

6.  Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of the claims based on Oregon law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United

PAGE 2 - COMPLAINT

States Constitution.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1), being the judicial district in which all of the events of this litigation arise and Defendant resides.

### III. PARTIES

8. Plaintiff Paulino Solano is a natural person who at all material times lived and worked in Oregon.

9. At all times relevant to this action, Defendant Jaime Preciado was an individual and resident of Clackamas County, Oregon.

### IV. FACTS

10. At all relevant times, Defendant operated an agricultural product processing business located in Clackamas County, Oregon.

11. At all relevant times, Defendant was a farmer.

12. Defendant employed Plaintiff to provide labor for its business, including cleaning, preparing, and packaging agricultural product to prepare it for market.

13. The product Plaintiff was responsible for processing was not grown by Defendant onsite and some or all of it was not grown by Defendant at all.

14. During the course of Plaintiff's employment for Defendant, Defendant and his agents supervised and assigned tasks to Plaintiff and otherwise exercised control over the Plaintiff's work.

15. During the course of Plaintiff's employment for Defendant, Defendant and his agents determined the rate and method of paying Plaintiff and otherwise controlled Plaintiff's employment conditions.

16. During each workweek during the course of Plaintiff's employment for

Defendant, Plaintiff was engaged in interstate commerce or in the production of goods for interstate commerce or was employed by an enterprise engaged in interstate commerce.

17. Defendant employed Plaintiff from approximately August 8, 2021, until approximately October 28, 2021.

18. Supervisors "Luis" and "Angel" hired Plaintiff on behalf of Defendant.

19. "Luis" promised Plaintiff a piece rate for his work based on pounds of agricultural product processed. He informed Plaintiff that workers would be paid weekly.

20. "Luis" informed Plaintiff that he was required to reside at the property where he would be working and that he should bring his own bedding.

21. Defendant did not provide Plaintiff with written employment disclosures.

22. Plaintiff regularly worked in excess of 40 hours per week for Defendant.

23. Plaintiff worked seven days each week for Defendant.

24. Plaintiff typically started working around 6:30 a.m. each day. Some days he would start as early as 5:30 a.m. Some days he would start later.

25. Plaintiff typically worked until around 9 p.m. each day except for Sundays.

26. On Sundays, Plaintiff typically stopped working around 3 p.m.

27. Plaintiff received one meal break each day of approximately 30 minutes.

28. Plaintiff worked approximately 92 hours each week, including 52 hours of overtime.

29. The work was completed in Clackamas County but outside the Portland Urban Growth Boundary. Plaintiff was thus entitled to receive $12.75 per hour pursuant to Oregon minimum wage law.

30. Each week, Plaintiff was entitled to receive $1,504.50 in wages.

PAGE 4 - COMPLAINT

31. Throughout his employment, Plaintiff worked approximately 1,076 hours for Defendant. Approximately 596 hours of that time were overtime.

32. Throughout his employment, Plaintiff was entitled to receive $17,518.50 in wages.

33. Throughout his employment, Plaintiff received one payment of $800 in wages.

34. Defendant regularly paid Plaintiff less than the federal and Oregon minimum wage for hours worked for Defendant.

35. Defendant regularly failed to compensate Plaintiff at a rate of time and one half for every hour worked over 40.

36. During Plaintiff's employment, Defendant provide him with on-site labor housing.

37. Defendant did not have a license to operate a farmworker camp.

38. Defendant failed to ensure that the housing complied with applicable health and safety standards.

39. Defendant failed to post a notice of the terms and conditions of occupancy of the housing facilities provided to Plaintiff.

40. Plaintiff was directed to sleep on the floor of the processing facility. The building had no windows. It was very cold, due to the large fans running in the facility.

41. Plaintiff only had access to an outdoor shower with cold water.

42. The portable bathrooms provided were in poor and unsanitary conditions and were not regularly serviced.

43. Plaintiff did not have access to safe and sanitary cooking facilities.

44. Plaintiff and the other workers were supervised and monitored at all times.

45. One of the supervisors, "El Barbudo," had several weapons, including a gun which he regularly carried with him while supervising the workers.

46. Plaintiff was told not to leave the facility and go outside except for brief breaks.

47. Plaintiff was only permitted to leave the property on Sundays in order to go into town to do laundry or go to the store.

48. Because Plaintiff had not been paid and his trips to town were restricted, he was not able to purchase his own food or water.

49. Plaintiff did not have access to sufficient food or water.

50. Sometimes the supervisors would bring the workers food and water but sometimes the workers, including Plaintiff, went without. Sometimes the supervisors would eat and drink in front of the other workers while the workers, including Plaintiff, were left hungry.

51. Plaintiff lost weight while working for Defendant because of the lack of food.

52. After three weeks without pay, Plaintiff and the other workers began to ask "Luis" and "Angel" when they would be paid. They were told they would be paid and to keep working.

53. Defendant's agents, including "Angel," "El Barbudo," and "Luis," verbally threatened that the workers and/or their families would be physically harmed or killed in order to discourage them from stopping work, leaving, and/or seeking help from the authorities.

54. "Luis" was from the town in Mexico where Plaintiff's family lived, which made the supervisors' threats more credible and frightening.

55. Plaintiff and the other workers made a plan to warn their families if something bad happened to any of them.

56. Plaintiff needed his wages in order to provide his family with economic support for their basic subsistence and cover other monthly expenses.

57. Plaintiff was fearful that he and/or his family would suffer serious harm if he stopped working and tried to leave the property.

58. Defendant lived on the property where Plaintiff was employed.

59. Defendant visited Plaintiff's worksite on multiple occasions to talk to the workers, telling them to keep working and that he would pay them soon.

60. Defendant knowingly benefited financially from the procurement of Plaintiff's continued labor.

61. When the work was completed in late October 2021, "Angel" told the workers to leave. He paid the workers $800 each and told them that Defendant would pay them the rest of their wages soon.

62. Defendant did not pay Plaintiff the rest of his wages.

63. Defendant did not pay Plaintiff his wages upon termination.

64. Defendant's nonpayment of wages upon termination was willful.

65. Plaintiff made a number of attempts to contact Defendant to request his wages.

66. Plaintiff, through his attorney, sent Defendant a letter on June 13, 2023, complaining of violations of state and federal wage and hour law, migrant farmworker protections, and farmworker housing protections, and requesting payment of the wages Plaintiff was due.

67. Plaintiff's letter also requested information about other individuals involved in the venture, including "Angel."

68. Defendant received Plaintiff's letter on or about June 20, 2023.

69. Defendant has not responded in any way to Plaintiff's letter.

70. Plaintiff has made a good faith attempt to resolve this dispute without litigation.

71. To date, Defendant has failed to pay Plaintiff all his wages.

72. Plaintiff suffered significant emotional distress as a result of Defendant's actions.

## V. CLAIMS FOR RELIEF

### (First Claim—Violation of FLSA)

73. Defendant violated 29 U.S.C. § 206 when he failed to pay Plaintiff the minimum wage rate for all the hours worked.

74. Defendant violated 29 U.S.C. § 207 when he failed to pay Plaintiff overtime wages for work performed for Defendant in excess of forty hours per work week.

75. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover unpaid minimum wages and overtime wages, equal amounts as liquidated damages, and attorney fees and costs.

### (Second Claim – Violation of Oregon Minimum Wage and Overtime Laws)

76. Defendant failed to pay Plaintiff at the Oregon minimum hourly rate for all hours worked in violation of O.R.S. § 653.025.

77. Defendant failed to pay Plaintiff at a rate of time and one half for overtime hours in violation of O.R.S. § 653.261 and its implementing regulations.

78. Plaintiff is entitled, under O.R.S. § 653.055, to recover the unpaid wages, penalty damages in an amount equal to 240 times his hourly wage rate, and reasonable attorney fees and costs for the non-payment of minimum and overtime wages.

### (Third Claim – Violation of Oregon Timely Payment of Wages Law)

79. Defendant failed to pay Plaintiff all of his wages when due upon termination of his employment within the time specified in O.R.S. § 652.140 or § 652.145.

80. Plaintiff is entitled, under O.R.S. § 652.150, to recover penalty damages in an amount equal to 240 times his hourly wage rate, plus reasonable attorney fees and costs, for

Defendant's failure to pay Plaintiff's wages upon termination.

### (Fourth Claim – Violation of AWPA)

81. At all times relevant to this action, Plaintiff was a migrant agricultural worker within the meaning of the AWPA, 29 U.S.C. §1802(8)(a), as a worker employed in agricultural labor of a seasonal or temporary nature and required to be absent overnight from their permanent place of residence.

82. At all times relevant to this action, Defendant was an agricultural employer under AWPA, 29 U.S.C. §1802(2), who provided and controlled migrant agricultural worker housing, 29 U.S.C. § 1821(c) and 1823.

83. Defendant violated AWPA by failing to provide written employment disclosures in violation of 29 U.S.C. § 1821(a), knowingly misrepresenting employment conditions to Plaintiff in violation of 29 U.S.C. § 1821(f), failing to pay Plaintiff all of his wages when due in violation of 29 U.S.C. § 1822(a), violating the terms of the working arrangement in violation of 29 U.S.C. § 1822(c), and failing to ensure that the housing provided complied with applicable health and safety standards in violation of 29 U.S.C. § 1823(a).

84. Defendant's actions and failures to act in violation of AWPA were intentional.

85. Plaintiff is entitled to actual or statutory damages of $500, whichever is greater, for each of Defendant's violations of AWPA pursuant to 29 U.S.C. §1854, together with his court costs.

### (Fifth Claim – Violation of CORA)

86. At all times relevant to this action, Defendant was a farm labor camp operator under CORA, O.R.S. § 658.705.

87. Defendants violated O.R.S. § 658.755 by failing to comply with all applicable

PAGE 9 - COMPLAINT

building codes and health and safety laws, operating an unregistered camp, and restraining a person who wished to leave the camp by force, intimidation, or threat.

88. Plaintiff is entitled to injunctive relief pursuant to O.R.S. § 658.805(3) to enjoin Defendant from committing the above-listed violations in the future.

89. Plaintiff is entitled to recover actual or statutory damages of $500, whichever is greater, and attorney fees and costs, pursuant to O.R.S. § 658.805(4).

**(Sixth Claim – Violation of Civil Federal Trafficking – 18 U.S.C. § 1595)**

90. Defendant violated 18 U.S.C. § 1589 by knowingly obtaining the labor or services of Plaintiff through forced labor and/or knowingly financially benefiting from participating in a venture which has engaged in forced labor by engaging in the above-described acts.

91. Defendant violated 18 U.S.C. § 1590 by knowingly recruiting, harboring, or obtaining Plaintiff's labor or services in violation of laws against slavery, involuntary servitude, or forced labor and/or by obstructing, interfering with, or preventing the enforcement of this section.

92. Plaintiff seeks relief pursuant to 18 U.S.C. § 1595, including economic and non-economic damages and attorney fees.

**(Seventh Claim – Oregon Civil Trafficking – O.R.S. § 30.867)**

93. Defendant violated O.R.S. §§ 163.263 and 163.264 by subjecting Plaintiff to involuntary servitude by forcing or attempting to force Plaintiff to engage in services by abusing or threatening to abuse the law or legal process, instilling in Plaintiff a fear that he would withhold the necessities of life, threatening to cause the death or serious injury of Plaintiff or another person, and/or physically restraining or threatening to physically restrain Plaintiff.

94. Defendant violated O.R.S. § 163.266 by knowingly recruiting, enticing,

harboring, or obtaining Plaintiff's labor while knowing he would be subjected to involuntary servitude and/or by knowingly benefiting financially from participation in a venture that involves the subjugation of individuals into involuntary servitude.

95. Plaintiff seek relief pursuant to O.R.S. § 30.867, including economic and non-economic damages, punitive damages, and attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that the Court grant the following relief:

1. Award Plaintiff his unpaid minimum and overtime wages pursuant to 29 U.S.C. § 206 and § 207 and liquidated damages pursuant to 29 U.S.C. § 216(b);

2. Award Plaintiff his unpaid minimum wages pursuant to Oregon minimum wage laws, O.R.S. § 653.025;

3. Award Plaintiff his unpaid overtime wages pursuant to Oregon overtime law, O.R.S. § 653.261;

4. Award Plaintiff penalty wages in the amount of 240 times Plaintiff's final hourly wage pursuant to O.R.S. § 653.055, for unpaid minimum and overtime wages;

5. Award Plaintiffs penalty wages in the amount of 240 times Plaintiff's final hourly wage pursuant to O.R.S. § 652.150, for failure to pay wages timely;

6. Award Plaintiff actual damages or $500 statutory damages for each violation of AWPA;

7. Award Plaintiff actual damages or $500 statutory damages for the violations of CORA;

8. Award Plaintiff actual damages, including emotional distress damages, under 18

PAGE 11 - COMPLAINT

U.S.C. § 1595;

9. Award Plaintiff actual damages, including damages for emotional distress and punitive damages under O.R.S. § 30.867;

10. Find that Plaintiff is the prevailing party and award Plaintiff reasonable attorney fees and costs under 18 U.S.C. § 1595, 29 U.S.C. § 216(b), and O.R.S. §§ 30.867, 652.200, 652.615, 653.055, and 658.805(4);

11. Award Plaintiff pre-judgment interest on sums due under state law claims and post-judgment interest on all claims; and

12. Award Plaintiff such other relief as this Court deems just and proper.


Respectfully submitted this 11th day of August, 2023.

        s/ Bonnie Allen-Sailer_____
        **Bonnie Allen-Sailer**
        OSB 145178
        bonnie@nwjp.org
        (503) 525-8454

        Of Attorneys for Plaintiffs

PAGE 12 - COMPLAINT