IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PAULINO SOLANO**, <br><br> Plaintiff, <br><br> v. <br><br> **JAIME PRECIADO**, <br><br> Defendant. | Case No. 3:23-cv-01178-IM <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** |

**IMMERGUT, District Judge.**

Plaintiff's moves for attorney's fees and costs in relation to his Motion for Default Judgment, ECF 17, which this Court granted on June 28, 2024, ECF 21. Motion for Attorney Fees ("Mot."), ECF 23. Plaintiff seeks $23,503.90 in attorney's fees and $862.35 in costs. *Id.* His Motion is supported by the Declaration of Bonnie Allen-Sailer ("Allen-Sailer Decl."), ECF 24. As explained below, Plaintiff's Motion is granted in full.

PAGE 1 – ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

DISCUSSION

A.  **Attorney's Fees**

As Plaintiff explains, this Court has the authority to award attorney's fees under each of the statutory schemes under which this Court awarded damages. *See* 29 U.S.C. § 216(b) (Fair Labor Standards Act) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant . . . ."); 18 U.S.C. § 1595(a) (Trafficking Victims Protection Reauthorization Act) ("An individual who is a victim of a violation of this chapter . . . may recover damages and reasonable attorneys fees."); O.R.S. 652.200 (Oregon wage and hour laws) ("In any action for the collection of wages, if it is shown that the wages were not paid for a period of 48 hours . . . after the wages became due and payable, the court shall, upon entering judgment for the plaintiff, include in the judgment, in addition to the costs and disbursements otherwise prescribed by statute, a reasonable sum for attorney fees at trial and on appeal for prosecuting the action . . . ."); O.R.S. 658.805(4) (Camp Operator Registration Act) ("In actions brought pursuant to this section, the court may award to the prevailing party costs and disbursements and a reasonable attorney fee."). Mot., ECF 23 at 2–3.

Courts in this circuit employ the "lodestar" method to determine a reasonable attorney's fee award. *See Pelayo v. Platinum Limousine Servs., Inc.*, 804 F. App'x 522, 523 (9th Cir. 2020). "The lodestar method is a two-step process." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) (citing *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000)). First, "the court multiplies the number of hours the prevailing party reasonably spent on litigation by a reasonable hourly rate to determine a presumptively reasonable fee award." *Kim v. Allison*, 8 F.4th 1170, 1180 (9th Cir. 2021) (citing *Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 546 (9th Cir.

2016)). This "presumptively reasonable fee award" is the "lodestar figure," *see Kelly*, 822 F.3d at 1099, and the reasonable hourly rate underlying this figure is "determined by assessing 'the prevailing market rate in the relevant community,'" *Roberts v. City of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019) (quoting *Kelly*, 822 F.3d at 1099). Second, "[a]fter the lodestar figure is determined, [the court may exercise its] discretion to adjust the lodestar figure upward or downward based on a variety of [reasonableness] factors 'not subsumed in the lodestar figure.'" *Roberts*, 938 F.3d at 1024 (quoting *Kelly*, 822 F.3d at 1099).

The party seeking an award of attorney's fees "has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (citation omitted). Similarly, the fee applicant has the burden of proving that the requested hourly rate is reasonable. *See Camacho v. Bridgeport Fin. Inc.*, 523 F.3d 973, 980 (9th Cir. 2008).

The number of hours requested by Attorney Allen-Sailer is reasonable. Her declaration establishes that she "worked a total of 52.5 hours on this case," and that she "cut 5.6 hours" which were "duplicative of other work done in the case," performed "in conjunction with other lawyers," or spent on "work that [she] did not use in this case." ECF 24 ¶ 9. This Court has reviewed Attorney Allen-Sailer's hours log, which is attached to her declaration. *Id.*, Ex. 2. Based on the information provided by Attorney Allen-Sailer, this Court finds that the number of hours requested, 52.5, is reasonable given the nature and complexity of the case.

The hourly rate of Attorney Allen-Sailer is also reasonable. Plaintiff requests an hourly rate of $418 for work performed in 2022, $445 for work performed in 2023, and $458 for work performed in 2024. Mot., ECF 23 at 5. Attorney Allen-Sailer has nine years of experience representing low-wage workers and individuals from immigrant communities. Allen-Sailer

PAGE 3 – ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

Decl., ECF 24 ¶ 4. In determining reasonable hourly rates, typically "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (citation omitted). "This District considers the most recent Oregon State Bar Economic Survey ('OSB Survey') as its 'initial benchmark' in determining whether hourly billing rates are reasonable." *Bark v. Northrop*, 300 F.R.D. 486, 493 (D. Or. 2014) (citation omitted); *see also* LR 54-3(a) (noting in the "Practice Tip" that the OSB Survey is the initial benchmark). According to the most recent OSB Survey, the median rate for an attorney with seven to nine years of experience working in downtown Portland is $350, and the ninety-fifth percentile rate is $486.[1] As Plaintiff explains in his Motion, a reasonable rate for Attorney Allen-Sailer's work in 2022 is $418, which, adjusted for inflation, results in the $445 rate for 2023 and $458 rate for 2024. Mot., ECF 23 at 5. This Court finds that these rates are reasonable given the prevailing market rates and Attorney Allen-Sailer's experience and expertise.

Thus, the lodestar figure here is $23,503.90, and this Court does not find it necessary to exercise its discretion to increase or decrease this award.

**B. Costs**

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed by the prevailing party." Fed. R. Civ. P. 54(d)(1). "By its terms, [Rule 54(d)(1)] creates a presumption in favor of awarding costs to a prevailing party

---

[1] 2022 OSB Survey, Table 36, https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf [https://perma.cc/Z4KW-DTGX].

PAGE 4 – ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

. . . ." *Ass'n Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc) (citation omitted).

Taxable costs, like those that Plaintiff requests in his bill of costs, "are limited to a specific set of items delineated in 28 U.S.C. § 1920." *Draper v. Rosario*, 836 F.3d 1072, 1086 n.9 (9th Cir. 2016). These items "include 'fees of the clerk and marshal; certain fees for transcripts; certain fees for printing and witnesses; the costs of copies needed for use in the case; docketing fees; and compensation of court appointed experts and interpreters.'" *Id.* (quoting *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579 (9th Cir. 2010)). This Court finds that Plaintiff's requested costs are compensable under § 1920. He is entitled to $862.35 in costs.

## CONCLUSION

Plaintiff's Motion for Attorney Fees and Costs, ECF 23, is GRANTED. Plaintiff is awarded $23,503.90 in attorney's fees and $862.35 in costs.

**IT IS SO ORDERED.**

DATED this 5th day of August, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge